UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GORDON STOCKENAUER #116242, et al.,

                Plaintiffs,

v.

HEIDI WASHINGTON et al.,

                Defendants.
_____/

Case No. 1:18-cv-1317

Honorable Gordon J. Quist

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by six state prisoners under 42 U.S.C. § 1983. Plaintiff Stockenauer seeks leave to proceed *in forma pauperis*. Because Plaintiff Stockenauer has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff Stockenauer to pay $66.67, which is one-sixth of the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff Stockenauer fails to pay the fee, the Court will order that Plaintiff Stockenauer's claims be dismissed without prejudice. Even if his claims are dismissed, Plaintiff Stockenauer must pay the $66.67 fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff Stockenauer has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff Stockenauer's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Stockenauer v. Toll,* No. 2:96-cv-74025 (E.D. Mich. Oct. 30, 1996); *Stockenauer v. Hurrell*, No. 2:94-cv-213 (W.D. Mich. Nov. 15, 1994); *Stockenauer v. Kapture et al.,* No. 1:92-cv-10372 (E.D. Mich. Jan 6, 1993). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Plaintiff has also been denied permission to proceed without prepayment of the filing fee due to his three-strike status on four occasions. *Stockenauer v. E.C. Brooks Corr. Facility et al.*, No. 1:18-cv-00796 (W.D. Mich. July 31, 2018); *Stockenauer v. Ball et al.*, No. 2:14-cv-13865 (E.D. Mich. Feb. 18, 2015); *Stockenauer v. Holden et al.*, No. 2:02-cv-71267 (E.D. Mich. July 31, 2002); *Stockenauer v. Michigan Dep't of Corr. et al.*, No. 2:15-cv-12744 (E.D. Mich. Aug. 17, 2015).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff Stockenauer alleges that he is confined to a wheelchair. Plaintiff Stockenauer states that he must use a catheter several times a day and change his pull-ups three to four times a day, and that both must be done while in bed in his cell. Plaintiff Stockenauer states that he has had a single person cell for years because of his medical needs and has agreed to settlements requiring such a housing accommodation, but that Defendants have violated the agreement. Plaintiff Stockenauer claims that he "has been beaten up, threatened and had his personal property taken because of his placement of another prisoner in the room with him." (ECF No. 8, PageID.57.) However, Plaintiff Stockenauer fails to make specific allegations regarding when these incidents occurred, who was involved, or whether any action was taken to protect Plaintiff once they occurred. The Court concludes that Plaintiff's allegations do not show that he was in imminent danger at the time the complaint was filed.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire

civil action filing fee, which is $66.67.  When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fee within the 28-day period, his claims will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of $66.67, which is his share of the $400.00 filing fee.


Dated: April 22, 2019                                                            /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**